No. 525

DEVOR v. LEE, et.

Ohio Appeals, 9th Dist., Medina Co.

No. 76. Decided April 22, 1927.

**1053. ROADS AND HIGHWAYS—103** Assessments—Where a parcel of land used as one farm abuts on two roads less than two miles apart, and both roads are used to some extent in the use and occupation of said land, it cannot be said that the whole tract abuts on each road or on either road to the exclusion of the other.

**First Publication of this Opinion**

FUNK, J.

This was an action to enjoin the levy and collection of a special assessment, under 1178 to 1231-11 GC., for an intercounty highway improvement. The court below found in favor of defendants, dissolved the temporary restraining order and dismissed the petition at costs of plaintiff. The Court of Appeals found that part of the assessment was regular and legal, and that part of the assessment was improper, the reasons being given as follows:—

Plaintiff owned and occupied a farm of about 217 acres. The farm consisted of lots 121, part of lot 122 and part of lot 132. The improved highway passes diagonally through plaintiff's part of lot 122, a part of which is on each side of said highway. There is also an unimproved township line road along the end of lot 121. Plaintiff uses all of the land as one farm, and if it were not for the fact that there is a public road along the west side of lot 121, there would be little question of doubt but what the whole lot 121, would be construed as abutting said improved highway.

However, there being an unimproved road along the west end of said lot 121, which is used to some extent in the use and occupation of said lot 121, it is apparent that some part of this lot must abut upon said township road. A parcel of land which is used as one farm, but which abuts on two roads less than two miles apart, both roads being used to some extent in the use and occupation of said land, cannot be said to abut on either road to the exclusion of the other. What part will be said to abut on each road must depend on all the facts and surrounding circumstances in each case. In this case the court finds that one-half of lot 121 should be said to abut on each road, and that one-half of the amount assessed against said lot 121 was illegally and improperly assessed.

A decree will be drawn in accordance with this opinion.

(Washburn, PJ., and Pardee, J., concur).

Attorneys—Hon. W. T. Devor, Ashland, for Devor, Raymond B. Bennett, Pros. Atty., and Joseph A. Seymour, Medina, for Lee.